Unofficial
Document

TITLE DOCUMENTS    (From Lease)

List No.1.

RECEIVED
DEC 4 - 1937
STATE LAND DEPT.
OF ARIZONA

01-DEED

32964

Patent No. 1093785

STATE   SELECTION

Act of April 7, 1930 (46 Stat. 142),
as amended by the Act of July 7, 1932 (47 Stat.
646).

Phoenix Land District.

Arizona.

EXHIBIT F
Page 1 of 130
Contract No. 2018-201-COS

Phoenix 071491.

**:M: 3599 :M: 444**

# The United States of America,

To all to whom these presents shall come, Greeting:

WHEREAS, a Certificate of the Register of the Land Office at Phoenix, Arizona, has been deposited in the General Land Office, whereby it appears that, pursuant to the Act of Congress of April 7, 1930 (46 Stat. 142), entitled "An Act To abolish the Papago Saguaro National Monument, Arizona, to provide for the disposition of certain lands therein for park and recreational uses, and for other purposes", as amended by the Act of July 7, 1932 (47 Stat. 646), the claim of the State of Arizona, has been established and duly consummated, in conformity to law, for the Lots six, seven, ten, and eleven of Section three, the Lots one and two, the south half of the north half, and the south half of Section four, the south half of the northeast quarter and the east half of the southeast quarter of Section five, the north half of the northeast quarter, the north half of the northwest quarter of the northwest quarter, the north half of the northeast quarter of the northwest quarter, the southeast quarter of the northeast quarter of the northwest quarter, and the east half of the southeast quarter of the northwest quarter of Section nine, and the Lots one and two of Section ten in Township one north and the southeast quarter of Section thirty-three in Township two north all in Range four east of the Gila and Salt River Meridian, Arizona, containing one thousand one hundred eighty-five acres and fourteen hundredths of an acre, according to the Official Plat of the Survey of the said Land, on file in the General Land Office:

NOW KNOW YE, That there is, therefore, granted by the UNITED STATES OF AMERICA, unto the said State of Arizona, the tracts of Land above described; TO HAVE AND TO HOLD the said tracts of Land, with the appurtenances thereof, unto the said State of Arizona, and to its successors, forever; subject to any vested and accrued water rights for mining, agricultural, manufacturing, or other purposes, and rights to ditches.

EXHIBIT F
Page 2 of 130
Contract No. 2018-201-COS

1.

EXHIBIT A Page 38 of 172 to Contract No. 2018-202-COS

and reservoirs used in connection with such water rights, as may be
recognized and acknowledged by the local customs, laws, and decisions
of courts; and there is reserved from the lands hereby granted, a right
of way thereon for ditches or canals constructed by the authority of
the United States. And there is also reserved to the United States under
the provisions of said Act of April 7, 1930, all the oil, coal, or other
mineral deposits found at any time in the lands above described, and the
right to prospect for, mine, and remove the same under such rules and
regulations as the Secretary of the Interior may prescribe.

This patent is issued upon the express condition, that the lands
so granted shall be used only for municipal, park, recreation, or
public-convenience purposes, and if the lands or any part thereof,
shall be abandoned for such use, such lands, or such part, shall
revert to the United States. .

*Certificate No. 1 of approval of Transfer and Change of Use approved June 16, 1959, to the City of Phoenix, State of Arizona, for 624.83 acres. Authority Sec. 9 act of June 14, 1926, as amended. (68 Stat. 173; 43 U.S.C. 869).*
*Rose M. Beall, Chief, Patents Section.*

Supplemental Patent No. *1153369 - 5.80 a.*
*Aug. 8, 1955*

IN TESTIMONY WHEREOF, I, **Franklin D. Roosevelt,**

President of the United States of America, have caused these letters to be made
Patent, and the Seal of the General Land Office to be hereunto affixed.

GIVEN under my hand, at the City of Washington, the        **SEVENTEENTH**

day of                **NOVEMBER**        in the year of our Lord one thousand

nine hundred and        **TWENTY-SEVEN**        and of the Independence of the

United States the one hundred and        **SIXTY-SECOND.**

By the President:

EXHIBIT F
Page 3 of 130
Contract No. 2018-201-COS
EXHIBIT A Page 39 of 172 to Contract No. 2018-202-COS
Exhibit B - Page 39
Title Documents                                                    12/15/20





THE SECRETARY OF THE INTERIOR
WASHINGTON

Serial No. Phoenix 072491

Certificate No. ___1___

CERTIFICATE OF APPROVAL OF TRANSFER
AND CHANGE OF USE
(Act of June 14, 1926; 44 Stat. 741;
43 U.S.C. 869 et seq., as amended)

This is to certify that the authorized officer of the Bureau of Land Management, on April 28, 1959, authorized the State of Arizona to transfer the lands described below and in Patent No. 1,093,785 issued November 17, 1937, to the City of Phoenix, State of Arizona, for use as a park, recreation, public convenience purposes, including the construction of a baseball stadium. This approval is subject to the reversionary provisions of the above noted Act, terminating 25 years from April 28, 1959.

Gila and Salt River Meridian, Arizona

T. 1 N., R. 4 E.
sec. 4, lot 2, SW¼NE¼, S½NW¼, NW¼, W½NE¼
sec. 5, S½NE¼, E½SE¼
sec. 9, N½NW¼ except lot 8 in the SE¼NW¼ and in the E½NW¼ which was included in Patent No. 1,153,360 dated August 8, 1955, which issued under the Act of Congress of May 13, 1955 (69 Stat. 48), NW¼NW¼, NW¼NW¼
Containing 624.83 acres

June 16, 1959

Assistant Secretary

*Note: This document (No. 1) is for the wrong Location. The baseball Facility under construction is in Section 33. The correct 'Certificate of Approval of Transfer and Change of Use' is No. 4, dated January 1, 1960 (not in Lease). It was issued after the repeal of the "terminating 25 years" clause (by Public Law 86-292, dated Sept. 21, 1959). There were four of these Certificates (notice errors and erasures on this document) because officials had to breakdown the 2,000-acre Park area to circumvent the 640 acre and 1-calendar year limitation in legislation.*

**EXHIBIT F**
**Page 4 of 130**
**Contract No. 2018-201-COS**

HOLD FOR PICK UP
CITY OF PHX. ACCT. #34



**Unofficial Document**

OFFI
MARICOF
HELEN PURCELL
97-0380744   06/05/97   03:03

# The United States of America

### To all to whom these presents shall come, Greeting:

EXEMPT UNDER A.R.S. 42-1114A3
AZA 29355

WHEREAS

CITY OF PHOENIX

is entitled to a land patent pursuant to the Recreation and Public Purposes Act of June 14, 1926, as amended, 43 U.S.C. 869 et seq., for the following described land:

Gila and Salt River Meridian, Arizona

T. 1 N., R. 4 E.,
sec. 4, lots 3 and 5;
sec. 5, lot 6.

T. 2 N., R. 4 E.,
sec. 33, lot 2.

containing 65.84 acres.

NOW KNOW YE, that there is, therefore, granted by the United States, unto the City of Phoenix, the land above described for a city park only; TO HAVE AND TO HOLD the land with all the rights, privileges, immunities and appurtenances, of whatsoever nature, thereunto belonging, unto the City of Phoenix, and its assigns forever; and

EXCEPTING AND RESERVING TO THE UNITED STATES:

1.  A right-of-way thereon for ditches or canals constructed by the authority of the United States.  Act of August 30, 1890, 43 U.S.C. 945.

2.  All mineral deposits in the lands so patented, and to it, or persons authorized by it, the right to prospect for, mine, and remove such deposits from the same under applicable laws and regulations to be established by the Secretary of the Interior.

3.  An appropriation of a right-of-way for a Federal Aid Highway, under the Act of November 9, 1921, 42 Stat. 216; repealed 1958 (AZAR 04330).

Patent Number **02-97-0007**

EXHIBIT F
Page 5 of 130
Contract No. 2018-201-COS

2

SUBJECT TO:

1.  Those rights for a water storage site and drainage control, granted to the City of Phoenix, its successors or assigns, by right-of-way No. AZA 06039, pursuant to the Act of February 15, 1901, 43 U.S.C. 959.

2.  Those rights for a water storage tank site, water supply pipeline and access road, granted to the City of Phoenix, its successors or assigns by right-of-way No. AZAR 024174, pursuant to the Act of February 15, 1901, 43 U.S.C. 959.

Provided, that title shall revert to the United States upon a finding, after notice and opportunity for a hearing, that, without the approval of the Secretary of the Interior or his delegate, the patentee or its approved successor attempts to transfer title to or control over the lands to another, the lands have been devoted to a use other than that for which the lands were conveyed, the lands have not been used for the purpose for which the lands were conveyed for a 5-year period, or the patentee has failed to follow the approved development plan or management plan.

Provided further, that the Secretary of the Interior may take action to revest title in the United States if the patentee directly or indirectly permits its agents, employees, contractors, or subcontractors (including without limitation lessees, sublessees, and permittees) to prohibit or restrict the use of any part of the patented lands or any of the facilities thereon by any person because of such person's race, creed, color, sex, national origin, or handicap.

The grant of the herein described lands is subject to the following reservations, conditions, and limitations:

1.  The patentee or its successor in interest shall comply with and shall not violate any of the terms or provisions of Title VI of the Civil Rights Act of 1964, 78 Stat. 241, and requirements of the regulations, as modified or amended, of the Secretary of the Interior issued pursuant thereto, 43 CFR 17, for the period that the lands conveyed herein are used for the purpose for which the grant was made pursuant to the act cited above, or for another purpose involving the provision of similar services or benefits.

2.  If the patentee or its successor in interest does not comply with the terms or provisions of Title VI of the Civil Rights Act of 1964, and the requirements imposed by the Department of the Interior issued pursuant to that title, during the period during which the property described herein is used for the purpose for which the grant was made pursuant to the act cited above, or for another purpose involving the provision of similar services or benefits, the Secretary of the Interior or his delegate may declare the terms of this grant terminated in whole or in part.

3.  The patentee, by acceptance of this patent, agrees for itself or its successors in interest that a declaration of termination in whole or in part of this grant shall, at the option of the Secretary or his delegate, operate to revest in the United States full title to the lands involved in the declaration.

Patent Number **02-97-0007**

EXHIBIT F
Page 6 of 130
Contract No. 2018-201-COS

EXHIBIT A Page 42 of 172 to Contract No. 2018-202-COS

3

4.  The United States shall have the right to seek judicial enforcement of the requirements of Title VI of the Civil Rights Act of 1964, and the terms and conditions of the regulations, as modified or amended, of the Secretary of the Interior issued pursuant to said Title VI, in the event of their violation by the patentee.

5.  The patentee or its successor in interest will, upon request of the Secretary of the Interior or his delegate, post and maintain on the property conveyed by this document signs and posters bearing a legend concerning the applicability of Title VI of the Civil Rights Act of 1964 to the area or facility conveyed.

6.  The reservations, conditions, and limitations contained in paragraphs (1) through (5) shall constitute a covenant running with the land, binding on the patentee and its successors in interest for the period for which the land described herein is used for the purpose for which this grant was made, or for another purpose involving the provision of similar services or benefits.

7.  The assurances and covenant required by sections (1) through (6) above shall not apply to ultimate beneficiaries under the program for which this grant is made. "Ultimate beneficiaries" are identified in 43 CFR 17.12(h).

Unofficial Document



IN TESTIMONY WHEREOF, the undersigned authorized officer of the Bureau of Land Management, in accordance with the provisions of 1948 (62 Stat. 476), has, in the States, caused these letters to be Seal of the Bureau to be

GIVEN, under my hand, in Phoenix, Arizona, the of May in the year of our Lord one thousand nine hundred and ninety-seven and of the Independence of the United States the two hundred and twenty first.

By _____

Ceci Sturm
Acting State Director

Patent Number **02-97-0007**

EXHIBIT F
Page 7 of 130
Contract No. 2018-201-COS

EXHIBIT A Page 43 of 172 to Contract No. 2018-202-COS

Unofficial
Document

STATE OF ARIZONA, County of Maricopa; ss.
I do hereby certify that the within instrument was filed and recorded at request of
Docket 5267
AT 8 OCT 20 9 00
Records of Maricopa County, Arizona.
WITNESS my hand and official seal the day and year first above written.
CLIFFORD RICHARD
By-
Deputy.

DI-DEED 201144

PHOENIX, ARIZ.
$\text{VOL } 5267 \text{ PAGE } 468$

## DEED

THIS INDENTURE made this 11th day of August, 1964, between the State of Arizona, acting by and through Paul J. Fannin, the duly elected, qualified Governor of the State of Arizona, under and pursuant to Sections 41-511.16, 41-511.17, and 41-511.18, Arizona Revised Statutes, Grantor, and the City of Phoenix, a municipal corporation, Grantee.

### WITNESSETH:

Grantor, for and in consideration of the sum of $3,529.02 paid to it, through its State Parks Board, the receipt whereof is hereby acknowledged, and in further consideration of the assumption by the Grantee of all the obligations and its taking subject to certain reservations, restrictions, and conditions and its covenant to abide by and agreement to certain other reservations, restrictions, and conditions, all as set out hereinafter, does by these presents convey unto Grantee, its successors and assigns, all of its right, title, interest, claim, and demand in and to the following-described property situated in the County of Maricopa, State of Arizona, to-wit:

> Southeast quarter of Section Thirty-three, in Township Two North; Lots Six, Seven, Ten, and Eleven of Section Three; Lots One and Two, the south half of the north half and the south half of Section Four; the south half of the northeast quarter, and the east half of the southeast quarter of Section Five; the north half of the northeast quarter, the north half of the north half of the northwest quarter, the southeast quarter of the northeast quarter of the northwest quarter, the east half of the southeast quarter of the northwest quarter, except for Lots Seven and Eight of said Section Nine; and the Lots One and Two of Section Ten; in Township One North, all in Range Four East of the Gila and Salt River Base and Meridian, Arizona;
>
> containing one thousand one hundred seventy-six and thirty-four hundredths acres, more or less.

EXHIBIT F
Page 8 of 130
Contract No. 2018-201-COS

19641020_DKT_5267_468_6

BK 5267 PG 469

TO HAVE AND TO HOLD the foregoing described premises, together with all and singular appurtenances and privileges thereunto belonging and all the estate, right, title, interest, and claim of the Grantor unto the said Grantee, its successors and assigns, forever.

By the acceptance of this deed or any rights hereunder the said Grantee, for itself, its successors and assigns, agrees that the transfer of the property transferred by this instrument is accepted subject to the following restrictions and reservations contained in Patent No. 1093785 from the United States of America to the State of Arizona, dated November 17, 1937, and in amendments or modifications thereof:

(1) Subject to any vested and accrued water rights for mining, agricultural, manufacturing, or other purposes and rights to ditches and reservoirs used in connection with water rights, as may be recognized and acknowledged by the local customs, laws, and decisions of courts.

(2) There is reserved from the lands hereby granted a right-of-way for ditches or canals constructed by the authority of the United States.

(3) There is also reserved to the United States under provisions of the Act of April 7, 1930, all the oil, coal, or other mineral deposits found at any time in above-described lands and the right to prospect for, mine, and remove the same under such rules and regulations as the Secretary of Interior may prescribe.

(4) This deed is issued upon the express condition that the lands so conveyed shall be used only for a park, recreation, public convenience purposes, including the construction of a baseball stadium, and if the lands, or any part thereof, shall

EXHIBIT F
Page 9 of 130
Contract No. 2018-201-COS

-2-

Title Documents  EXHIBIT A Page 45 of 172 to Contract No. 2018-202-COS
Exhibit B   Page 45        12/15/20

вк 5267 ма 470

be abandoned for such use, such lands or such part shall revert to the United States.

By the acceptance of this deed, or any rights hereunder, the said Grantee, for itself, its successors and assigns, also assumes the obligations of, covenants to abide by and agrees to, and that this transfer is made subject to the following reservations, restrictions, and conditions contained in Section 41-511.17 and 37-231, Arizona Revised Statutes, and in Conditional Certificate of Purchase No. 1, dated July 27, 1959, heretofore issued to Grantee.

(a) The lands shall be used only for municipal, park, recreation, or public convenience purposes, and if the lands or any part thereof shall be abandoned for such use, such lands, or such part, shall revert to the United States of America.

(b) The lands are subject to the following leases, easements, permits, and right-of-way agreements, the holders of which are entitled to successive renewals thereof for terms of five years each as long as they comply with the terms of the same:

| | |
|---|---|
| Arizona Game & Fish Department | 108.67 Acres |
| Salt River Project Agricultural Improvement and Power District | 2.78 Acres |
| Arizona Highway Department | 31.77 Acres |
| City of Tempe | 43.44 Acres |
| Arizona Cactus and Native Floral Society, Inc. | 150.73 Acres |
| United States Army | 70.38 Acres |
| Highway Rights-of-way | 10.52 Acres |

-3-

**EXHIBIT F**
Page 10 of 130
Contract No. 2018-201-COS

19641020_DKT_5267_468_6

вл 5267 мг 471

The improvements on said leases, easements, permits, and rights-of-way have not been sold, and the purchaser has only acquired title to the land subject to the same.

(c) The Grantee shall consult with the Arizona State Parks Board in the preparation of a Master Plan for the development of Papago Park. The Grantee shall prepare the Master Plan.

(d) The Grantee shall submit to the Arizona State Parks Board, within six months of date of conveyance, a program of development of Papago Park, with the understanding that the Grantee shall make every effort to spend at least one million dollars in such development in the first five years, and that in any event at least one million dollars shall be spent in the first ten years.

(e) The Grantee shall, within the first year of development, construct and install picnic facilities, water supply, sanitation facilities, and ingress and egress to such picnic area.

(f) The Grantee shall not charge an admission or exact a toll for entry into Papago Park; and charges made at concessions or fees fixed for the use of such facilities as the golf course, swimming pool, etc., shall be reasonable.

(g) "Municipal use" shall be limited to mean the construction of a baseball stadium for commercial baseball enterprises; and only other facilities and administrative building essential to the operation of Papago Park and in the interest of health, safety, and welfare of the park visitor.

(h) If the Grantee constructs a baseball stadium and parking area for such a facility for use by

EXHIBIT F

-4-     Page 11 of 130

Contract No. 2018-201-COS

19641020_DKT_5267_468_6

воь 5267 рав 472

commercial baseball enterprises, such facilities shall
not be constructed on Papago Park lands lying south of
McDowell Road and north of Van Buren Street.

(1) The Grantee shall acknowledge the tomb of
Governor Hunt and that square area 120 feet by 120
feet; this parcel of land being one-third of an acre;
the apex of the pyramid being the center of the square,
and the sides of the square being parallel to the base
of the pyramid. In addition, the Grantee shall incor-
porate the Master Plan for the tomb of Governor Hunt
into the Master Plan for Papago Park, to provide egress
and ingress, including a path to the tomb proper, pro-
viding easy ascent and descent; parking, lighting, water,
landscaping, maintenance, and a retaining wall of approxi-
mately two feet in height for stabilization purposes.
The Grantee agrees to make every effort to comply with
these stipulations within a five-year period, and to
maintain and keep in good repair said tomb in perpe-
tuity. And, in addition, the Grantee shall grant to
the surviving family of Governor Hunt the right to
entomb other members of their family in said tomb until
the spaces for such in said tomb have been filled.

(j) The Grantee agrees that a representative or a
committee representing the United States of America may
inspect Papago Park at any time for the purpose of deter-
mining whether stipulations and conditions herein set
forth are being complied with. Said representative or
committee shall advise the Grantee of any non-compliance
with any stipulation or condition herein, and said Grantee
shall be given one full fiscal year to comply. In the
event of a dispute between the United States of America

**EXHIBIT F**

-5-          Page 12 of 130

19641020_DKT_5267_468_6

вк:5267 мл473

and the Grantee as to whether there has been non-compliance with any stipulation or condition, the matter shall be decided by the courts.

(k)  The Grantee is hereby prohibited from selling or transferring or attempting to sell or transfer Papago Park. Any such action or attempted action by said Grantee shall be deemed an abandonment, and Papago Park shall revert to the United States of America.

IN WITNESS WHEREOF, Grantor has caused these presents to be executed by Paul J. Fannin, its duly elected, qualified, and acting Governor, and its Great Seal hereto affixed the day and year first herein written.

PAUL J. FANNIN
GOVERNOR OF THE STATE OF ARIZONA

ATTEST

SECRETARY OF STATE OF THE STATE OF ARIZONA

STATE OF ARIZONA )
                  ) ss
County of Maricopa )

On this _11th_ day of _August_, 1964, before me, the undersigned notary public, personally appeared Paul J. Fannin, known to me to be the person described in the foregoing instrument, and acknowledged that he executed the same in the capacity therein stated and for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official

Notary Public

My commission expires

_Aug. 30, 1966_

EXHIBIT F
Page 13 of 130
Contract No. 2018-201-COS

19590803_DKT_2950_214_5    **Unofficial Document**

DKT 2950 PAGE 214

CONDITIONAL

CERTIFICATE OF PURCHASE    # 474,

NO. 1

__SALE NO. 1__                              __SALES REPORT NO. 1__

ARIZONA STATE PARKS BOARD - STATE OF ARIZONA,

WHEREAS, on the 25th day of February, A. D. 1959, the CITY OF PHOENIX purchased from the State of Arizona the following described land, to-wit:

> Southeast quarter of Section thirty-three, in Township Two north, Lots six, seven, ten and eleven of Section three; Lots one and two, the south half of the north half and the south half of Section four; the south half of the northeast quarter, and the east half of the southeast quarter of Section five; the north half of the northeast quarter, the north half of the north half of the northwest quarter, the southeast quarter of the northeast quarter of the northwest quarter, the east half of the southeast quarter of the northwest quarter, except for Lots seven and eight of said Section nine; and the Lots one and two of Section ten; in Township one north, all in Range four east of the Gila and Salt River Base and Meridian, Arizona;

containing one thousand one hundred seventy-six and thirty-four hundredths acres, more or less, under and subject to the provisions of the laws of the State of Arizona, for the sum of THREE THOUSAND FIVE HUNDRED TWENTY-NINE DOLLARS AND TWO CENTS ($3,529.02), of which there has been paid to the STATE PARKS BOARD the sum of THREE THOUSAND FIVE HUNDRED TWENTY-NINE DOLLARS AND TWO CENTS ($3,529.02).

NOW, THEREFORE, the said purchaser, THE CITY OF PHOENIX, will be entitled to have and receive a Patent from the State of Arizona to the land hereinbefore described, upon surrendering this Certificate and fully complying with all the terms and conditions herein contained, and complying with all the pro-

19590803_DKT_2950_214_5

visions of law. Before said patent is issued the purchaser must supply the Arizona State Parks Board with proof that the purchaser has secured the approval of the Secretary of the Interior as to transfer of title and change of use.

## CONDITIONS

This instrument is executed subject to all conditions, requirements and provisions of the Public Land Code of the State of Arizona, passed at the Second Special Session of the Second Legislature of the State of Arizona.

Said lands are subject to the following leases, easements, permits and right-of-way agreements, the holders of which are entitled by the provisions of A. R. S. § 41-511.17.2 to successive renewals thereof for terms of five years each as long as they comply with the terms of the same:

| | |
|---|---|
| Arizona Game & Fish Department | 108.67 Acres |
| Salt River Project Agricultural Improvement and Power District | 2.78 Acres |
| Arizona Highway Department | 31.77 Acres |
| City of Tempe | 43.44 Acres |
| Arizona Cactus and Native Floral Society, Inc. | 150.73 Acres |
| United States Army | 70.38 Acres |
| Highway Rights of Way | 10.52 Acres |

The improvements on said leases, easements, permits and rights-of-way have not been sold, and the purchaser has only acquired title to the land subject to the same.

In addition to the above encumbrances, A. R. S. § 41-511.16 provides that said lands may only be sold in one parcel to any municipality for the purposes set forth in Patent No. 1093785 from the United States of America to the State of Arizona, dated November 17, 1937. That patent was issued upon the express condition that said lands shall be used only for municipal, park, recreation, or public-convenience purposes, and if abandoned for such use, such lands, or such part, shall revert to the United States, and subject to any vested and accrued water

EXHIBIT F
Page 15 of 130
Contract No. 2018-201-COS                       - 2 -      DKT 2950 PAGE 215
EXHIBIT A Page 51 of 172 to Contract No. 2018-202-COS
Title Documents                                 Exhibit B - Page 51

19590803_DKT_2950_214_5

DKT 2950 PAGE 216

rights for mining, agricultural, manufacturing, or other purposes,
and rights to ditches and reservoirs used in connection therewith,
and for ditches or canals constructed by the authority of the
United States. The United States Government further reserved
in said patent all the oil, coal, or other mineral deposits
found at any time in said lands, and the right to prospect for,
mine and remove the same. If the State of Arizona has any such
rights, pursuant to A. R. S. § 37-231, it reserves one-sixteenth
of all gas, oil, metal and mineral rights in the above described
lands.

In conformity with the restrictions of sale found in
A. R. S. § 41-511.16 and the uses and purposes of said land set
forth in said patent, certain other stipulations and conditions
have been adopted by the Arizona State Parks Board to be included
in the conveyance of Papago Park to a purchaser. These read as
follows:

1. That the Grantee shall agree to consult with the
   Arizona State Parks Board in the preparation of a
   Master Plan for the development of Papago Park. The
   Grantee shall prepare the Master Plan.

2. That the Grantee shall submit to the Arizona State
   Parks Board, within six months of date of conveyance,
   a program of development of Papago Park, with the
   understanding that the Grantee shall make every effort
   to spend at least one million dollars in such develop-
   ment in the first five years, and that in any event
   at least one million dollars shall be spent in the
   first ten years.

3. That the Grantee shall, within the first year of
   development, construct and install picnic facilities,
   water supply, sanitation facilities, and ingress and
   egress to such picnic area.

4. That the Grantee shall agree not to charge an ad-
   mission or to exact a toll for entry into Papago

19590803_DKT_2950_214_5

Park; and that charges made at concessions, or
fees fixed for the use of such facilities as the
golf course, swimming pool, etc., shall be reasonable.

5.  That the Grantee shall agree the "municipal use" shall
be limited to mean the construction of a baseball
stadium for commercial baseball enterprises; and
only other facilities and administrative building
essential to the operation of Papago Park and in the
interest of health, safety and welfare of the park
visitor.

6.  That if the Grantee constructs a baseball stadium
and parking area for such a facility for use by
commercial baseball enterprises, such facilities
shall not be constructed on Papago Park lands lying
south of McDowell Road and north of Van Buren
Street.

7.  That the Grantee agrees to acknowledge the Tomb of
Governor Hunt and that square area 120 feet by 120
feet; this parcel of land being one-third of an
acre; the apex of the pyramid being the center of
the square, and the sides of the square being
parallel to the base of the pyramid.  In addition
the Grantee shall agree to incorporate the Master
Plan for the Tomb of Governor Hunt into the Master
Plan for Papago Park, to provide egress and ingress,
including a path to the tomb proper, providing
easy ascent and descent; parking, lighting, water,
landscaping, maintenance, and a retaining wall of
approximately two feet in height for stabilization
purposes.  The Grantee agrees to make every effort
to comply with these stipulations within a five
year period, and to maintain and keep in good repair
said tomb in perpetuity.  And in addition, the
Grantee shall grant to the surviving family of

**EXHIBIT F**
**Page 17 of 130**
Contract No. 2018-201-COS
DKT 2950 PAGE 217
EXHIBIT A Page 53 of 172 to Contract No. 2018-202-COS

**Title Documents**          **Exhibit B - Page 53**          12/15/20

DKT 2950 PAGE 218

Governor Hunt the right to entomb such other members of their family in said tomb until the spaces for such in said tomb have been filled.

8. That the Grantee shall agree that a representative or a committee of the Arizona State Parks Board may inspect Papago Park at any time for the purpose of determining whether stipulations and conditions herein set forth are being complied with. Said representative or committee shall advise the Grantee of any non-compliance with any stipulation or condition herein and said Grantee shall be given one full fiscal year to comply. In the event of a dispute between the State Parks Board and the Grantee as to whether there has been non-compliance with any stipulation or condition, the matter shall be decided by the courts.

9. The Grantee is hereby prohibited from selling or transferring or attempting to sell or transfer Papago Park. Any such action or attempted action by said Grantee shall be deemed an abandonment and Papago Park shall revert to the State of Arizona.

IN WITNESS WHEREOF, the Arizona State Parks Director has affixed his signature at Phoenix, State of Arizona, on the 30th day of July, A. D. 1959, and the said City of Phoenix, a municipal corporation, the purchaser herein, has affixed its signature at Phoenix, State of Arizona, on the 27th day of July, A. D. 1959.

Dennis McCarthy
Arizona State Parks Director

CITY OF PHOENIX, a municipal corporation

By _____
City Manager

EXHIBIT F
Page 18 of 130
Contract No. 2018-201-COS
Title Documents

EXHIBIT A Page 54 of 172 to Contract No. 2018-202

(End of Exhibit B)