1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Lasse Norgaard-Larsen, et al., | No. CV-20-02467-PHX-GMS |
|---|---|
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Defendant City of Phoenix's ("Phoenix") Motion to Dismiss. (Doc. 10.)[1] Also before the Court is Plaintiffs' Motion to Compel Disclosure of Freedom of Information Act ("FOIA") Information, (Doc. 12), and Motion for Summary Judgment, (Doc. 16). For the following reasons, Defendant's Motion is granted in part and denied in part and Plaintiffs' motions are denied.

**BACKGROUND**

Papago Park is a municipal park in the cities of Phoenix and Tempe, Arizona. The Papago Baseball Facility ("Baseball Facility") is in Papago Park. (Doc. 1 at 2–3.) On November 26, 2018, Phoenix signed a lease ("Lease") with Scottsdale, giving Scottsdale use of the Baseball Facility. *Id.* at 5. On December 1, 2018, Scottsdale signed a sublease ("Sublease") with the San Francisco Giants Baseball Club ("Giants"), providing use of the

---
[1] Defendant City of Scottsdale ("Scottsdale") filed notice that it joins in on Phoenix's reply to the motion to dismiss. (Doc. 15.) Scottsdale also filed a notice that it joins Phoenix's response to the motion for summary judgment. (Doc. 18.)

Baseball Facility to the Giants and allowing the Giants to make improvements to the Baseball Facility. *Id.*

Friends of Papago Park ("FOPP") is an "unincorporated non-profit association of park users and visitors organized to preserve and protect the native habitat of Papa[g]o Park." *Id.* at 1. The Complaint alleges that the Lease and Sublease violate deed restrictions in the title documents for Papago Park from the federal government. *Id.* at 5. Accordingly, Plaintiffs Lasse Norgaard-Larsen and J. Arthur Deal, on behalf of FOPP, (collectively, "Plaintiffs") brought suit against Defendants, alleging violation of the Land and Water Conservation Fund Act of 1965 ("LWCFA"); a provision of the Federal Property and Administrative Services Act ("FPASA"), 40 U.S.C. § 550(e); the Property Clause of the U.S. Constitution; and the Contracts Clause of the U.S. Constitution. (Doc. 1 at 2.)

## DISCUSSION

### I. Motion to Dismiss

#### a. Legal Standards

##### 1. Rule 12(b)(1)

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). In effect, the Court presumes lack of jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the court. Fed. R. Civ. P. 12(h)(3).

The Constitution grants the federal courts the power to hear only "Cases" and "Controversies." U.S. Const. art. III, § 2. "Standing includes two components: Article III constitutional standing and prudential standing." *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 932 (9th Cir. 2011). The prudential standing analysis includes "whether a particular plaintiff has been granted a right to sue by the statute under which he or she brings suit." *Ashley Creek Phosphate Co. v. Norton*, 420 F.3d 934, 939 (9th Cir. 2005) (internal quotation marks and citation omitted).

### 2. Rule 12(b)(6)

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### b. Analysis

#### 1. Property Clause

The Property Clause provides that "Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." U.S. Const. art. IV, § 3, cl. 2. In other words, the clause grants Congress plenary power to "determine what are needful rules respecting the public lands." *Kleppe v. New Mexico*, 426 U.S. 529, 539 (1976) (internal quotations and citation omitted).

Contrary to Defendants' assertion, the third-party standing doctrine does not bar Plaintiffs from bringing their Property Clause action. The third-party standing doctrine bars litigants from raising another person's legal rights. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014). In *Bond v. United States*, the Supreme Court explained that "[a]n individual has a direct interest in objecting to laws that upset the constitutional balance between the National Government and the States when the enforcement of those laws causes injury that is concrete, particular, and redressable." 564 U.S. 211, 222 (2011). Accordingly, the Supreme Court held that where a plaintiff "seeks

to vindicate her own constitutional interests[,]" the plaintiff, in a proper case, "can assert injury from governmental action taken in excess of the authority that federalism defines." *Id.* at 220. Here, Plaintiffs assert that Phoenix and Scottsdale exceeded their authority by violating restrictions put on Papago Park by the federal government. (Doc. 1 at 4.) Applying the logic in *Bond*, Plaintiffs have a direct interest in objecting to this upset in balance.

Defendants also fail to show that the claim should be dismissed on the grounds that the federal government no longer has a property interest in Papago Park. For several different reasons, the Complaint alleges that the federal government still has a property interest in Papago Park. *Id.* at 8. As Plaintiffs' allegations must be taken as true on a motion to dismiss, Plaintiffs' Property Clause claim remains.

### 2. LWCFA and FPASA

Plaintiffs' claims pursuant to the LWCFA and FPASA are dismissed with prejudice as to Defendants Phoenix and Scottsdale because neither statute allows for a private cause of action. Courts widely recognize that there is no private cause of action under the LWCFA. *See, e.g.*, *Friends of Roeding Park v. City of Fresno*, 848 F. Supp. 2d 1152, 1160 (E.D. Cal. 2012) ("It is well-accepted that three of the federal statutes relied upon by Plaintiffs (NEPA, LWCFA, and NHPA) do not create private rights of action."); *Sportsmen's Wildlife Def. Fund v. U.S. Dep't of Interior*, 40 F. Supp. 2d 1192, 1200 (D. Colo. 1999) ("[N]o private right of action exists for alleged violations of the [LWCFA]."); *Save the Park and Build the Sch. v. Nat'l Park Serv.*, No. 20-CV-1080 TWR (AHG), 2020 WL 6504946, at *2 (S.D. Cal. Nov. 5, 2020); *Seto v. Kamai'Aina Care Inc.*, No. 10-00351 SOM-BMK, 2011 WL 6780042, at *4 (D. Haw. Nov. 30, 2011). Similarly, courts have held there is no private cause of action under the FPASA. *See, e.g.*, *Cooper v. Haase*, 750 Fed. App'x. 600, 601 (9th Cir. 2019) ("[FPASA] does not provide for a private cause of action."); *Northrop Univ. v. Harper*, 580 F. Supp. 959, 963 (C.D. Cal. 1983).

### 3. Contracts Clause

The Contracts Clause restricts the power of States to disrupt contractual

arrangements, mandating that "[n]o state shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const., Art. I, § 10, cl. 1. "The threshold issue is whether the state law has operated as a substantial impairment of a contractual relationship." *Sveen v. Melin*, 138 S. Ct. 1815, 1821–22 (2018) (internal quotations and citation omitted). For there to be substantial impairment, the plaintiff must have possessed a vested contractual right. *Lazar v. Kroncke*, 862 F.3d 1186, 1200 (9th Cir. 2017). Here, Plaintiffs do not allege that they have vested contractual rights at issue. Accordingly, Plaintiffs' Contracts Clause claim fails to state a claim on which this Court could grant relief.

### 3. Statute of Limitations

42 U.S.C. § 1983 allows private citizens to sue for the deprivation of a right secured by the United States Constitution. *See AlohaCare v. Haw., Dep't of Human Servs.*, 567 F. Supp. 2d 1238, 1249 (D. Haw. 2008). Section 1983 does not contain a limitations period, so federal courts look to the applicable state statute of limitations to determine whether a complaint is timely. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Section 1983 actions are characterized as personal injury actions for purposes of identifying the applicable statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Arizona, the relevant provision is A.R.S. § 12-542, which provides for a limitations period of two years from the date the cause of action accrues. Although state law provides the statute of limitations, federal law determines when a civil rights claim accrues. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153–54 (9th Cir. 2000). Under federal law, the time limit on a cause of action begins to run when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Trotter v. Int'l Longshoremen's & Warehousemen's Union, Local 13*, 704 F.2d 1141, 1143 (9th Cir. 1983). "Knowledge of the 'injury,' the Ninth Circuit has explained, means knowledge of the 'actual injury,' not when the plaintiff 'suspects a legal wrong.'" *Karasek v. Regents of Univ. of Cal.*, No. 3:15-cv-03717-WHO, 2020 WL 6684869, at *8 (N.D. Cal. Nov. 12, 2020) (quoting *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008)).

Plaintiffs assert that they became aware of their injury beginning on September 27,

2019. (Doc. 13 at 13.) In Exhibit D to the Complaint, Plaintiffs indicate that they first became curious about what was happening at Papago Park after Plaintiff Deal was blocked from walking on a trail because of a construction fence in September 2019. (Doc. 1-4 at 45.) It is not clear from the Complaint whether the Lease and Sublease, entered into in 2018, would have provided Plaintiffs with enough information to know that the trails they liked to walk on would be blocked. Accordingly, as September 2019 is within the statute of limitations period, Defendants fail to show Plaintiffs' claims are time barred.

## II. Motion to Compel Disclosure of FOIA Information

Plaintiffs seek disclosure of documents from the United States Department of the Interior and Arizona State Parks pursuant to the FOIA. As the Department of the Interior and Arizona State Parks are not parties to this lawsuit, the Court cannot order production of their records under the FOIA. Plaintiffs' motion to compel disclosure is therefore denied.

## III. Motion for Summary Judgment

### 1. Legal Standard

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Parties opposing summary judgment are required to "cit[e] to

particular parts of materials in the record" establishing a genuine dispute or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). A district court has no independent duty "to scour the record in search of a genuine issue of triable fact[.]" *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

### 2. Analysis

As discussed above, it is not yet clear whether the statute of limitations bars Plaintiffs' claims. Accordingly, as there is a genuine dispute of material fact, Plaintiffs' motion for summary judgment is denied.

### CONCLUSION

For the reasons provided above, Plaintiffs' LWCFA and FPASA claims are dismissed with prejudice as to Phoenix and Scottsdale and Plaintiffs' Contracts Clause claim is dismissed with leave to amend. If Plaintiffs choose to amend their Complaint, they must abide by Federal Rules of Civil Procedure 8(a)(2) and 10(b) and Local Rule of Civil Procedure 7.1. If Plaintiffs fail to follow these rules, any amended complaint will be subject to dismissal. Additionally, Plaintiffs' motion to compel and motion for summary judgment are denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant City of Phoenix's Motion to Dismiss (Doc. 10) is **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiffs' LWCFA and FPASA claims are dismissed with prejudice as to City of Phoenix and City of Scottsdale. Plaintiffs' Contracts Clause claim is dismissed with leave to amend.
2. Plaintiffs' Property Clause claim remains.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Disclosure of F.O.I.A. Information (Doc. 12) is **DENIED.**

///

///

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (Doc. 16) is **DENIED.**

Dated this 9th day of July, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge