WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lasse Norgaard-Larsen, et al., | No. CV-20-02467-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Defendant City of Scottsdale and City of Phoenix's (collectively, "Defendants") Joint Motion for Partial Reconsideration. (Doc. 22.) For the following reasons, the Motion is denied.

## BACKGROUND

The facts in this case are set forth in the Order granting in part and denying in part Defendants' Motion to Dismiss. (Doc. 20.) In that Order, the Court, relying largely on *Bond v. United States*, 564 U.S. 211 (2011), found that the third-party standing doctrine did not bar Plaintiffs' Property Clause claim. (Doc. 20 at 3–4.) Defendants argue that the Court erred in not finding that the third-party standing doctrine applies.

## DISCUSSION

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R. Civ. P. 7.2(g)(1); *see*

*also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (noting that motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"), *cert. denied*, 512 U.S. 1236; *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003) (holding that a motion for reconsideration is appropriate only when there is newly-discovered fact or law, newly-occurring facts, a material change in the law, or upon a convincing showing that the Court failed to consider material facts that were presented before the initial decision). A motion for reconsideration is an inappropriate vehicle to ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Arguments that a court was in error on the issues it considered should be directed to the court of appeals." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Refrigeration Sales Co., Inc. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)).

Defendants contend that the Court's application of *Bond* is erroneous because *Bond* is limited to challenges under the Tenth Amendment and because the Property Clause was not intended to protect individual liberty. However, this is a motion to dismiss in which Plaintiffs assert that their personal rights and enjoyments in Papago Park have been affected by the City's violation of a lease provision with the federal government. At least at a motion to dismiss stage, especially when Plaintiffs' complaint is read broadly, it is not possible for this Court to conclude that *Bond* is inapplicable. Furthermore, it is not clearly erroneous or manifestly unjust to find that the Supreme Court's broad assertion that an "individual, in a proper case, can assert injury from governmental action taken in excess of the authority that federalism defines" might apply where a state allegedly interferes with the federal government's plenary authority over its property that has a direct effect on that citizen. *Bond*, 564 U.S. at 220. Defendants' disagreement with the Court's determination

about the potential scope of *Bond* is an appropriate issue for summary judgment or perhaps for appeal, not a motion for reconsideration of a motion to dismiss.

## CONCLUSION

For the reasons stated above, the Motion is denied.

**IT IS THEREFORE ORDERED** that Defendant City of Scottsdale's and Defendant City of Phoenix's Joint Motion for Partial Reconsideration of Order (Doc 20) (Doc. 22) is **DENIED.**

Dated this 13th day of August, 2021.

G. Murray Snow
Chief United States District Judge